IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2015 MAR -2 P 2: 24

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| Manka Sanders, | : |
|     Plaintiff, | : |
| v. | : Civil Action No.: 3:15-cv-140 |
| | : |
| Synchrony Bank f/k/a GE Capital Retail Bank; | : **COMPLAINT AND DEMAND FOR** |
| and DOES 1-10, inclusive, | : **JURY TRIAL** |
| | : |
|     Defendants. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Manka Sanders, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Manka Sanders ("Plaintiff"), is an adult individual residing in Phenix City, Alabama, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant Synchrony Bank f/k/a GE Capital Retail Bank ("Synchrony"), is an Ohio business entity with an address of 950 Forrer Boulevard, Kettering, Ohio 45420, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Synchrony and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Synchrony at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, Synchrony contacted Plaintiff in an attempt to collect a consumer debt allegedly owed by Plaintiff (the "Debt").

8. At all times mentioned herein, Synchrony called Plaintiff's cellular telephone, number 706-xxx-4211, by using an automated telephone dialer system ("ATDS") an artificial or prerecorded voice.

9. When Plaintiff answered calls from Synchrony, she was met with a prerecorded message asking her to hold for the next available representative.

10. During a live conversation, in or around June 2014, Plaintiff instructed Synchrony to cease calling her cellular telephone number.

11. Despite the foregoing, Synchrony continued to place automated calls to Plaintiff at an annoying and harassing rate.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Without consent Synchrony contacted the Plaintiff by means of automatic telephone calls and prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

14. Synchrony continued to place automated calls to Plaintiff's cellular telephone after being directed to cease communications and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

15. The telephone number called by Synchrony was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. The calls from Synchrony to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Synchrony's telephone system has the capacity to store numbers in a random and sequential manner.

18. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 26, 2015

By    Respectfully submitted,

    Curtis R. Hussey (HUS004)
    Hussey Law Firm, LLC
    10 N. Section Street #122
    Fairhope, Alabama 36532-1896
    Telephone: (251) 928-1423
    Facsimile: (888) 953-6237
    E-mail: chussey@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff
Manka Sanders